462 F.2d 1230
 UNITED STATES of America
v.
John V. KENNY et al.
Appeal of STATE OF NEW JERSEY and George F. Kugler, Jr.,
Attorney General of New Jersey, Acting For and On
Behalf of the State of New Jersey.
 No. 71-1942.
 United States Court of Appeals,
 Third Circuit.
 Argued April 4, 1972.
Decided May 30, 1972.
 
 Michael R. Perle, Deputy Atty. Gen., East Orange, N. J., for appellants.
 Donald A. Robinson, Robinson, Wayne & Greenberg, Newark, N. J., for appellee.
 Before SEITZ, Chief Judge, HUNTER, Circuit Judge and McCUNE, District Judge.
 OPINION OF THE COURT
 SEITZ, Chief Judge:
 
 
 1
 This is an appeal from a district court injunctive order providing, in part, that:
 
 
 2
 "the State of New Jersey and its Attorney General are hereby permanently and forever enjoined and restrained from continuing to prosecute defendant, John J. Kenny, under an Indictment entitled State of New Jersey v. John J. Kenny, State Grand Jury No. SGJ2-70-8J . . . or under any other indictment relating to involving or on account of any transactions matters or things concerning which defendant, John J. Kenny, was compelled to testify or produce in evidence in this Court in the United States of America v. John V. Kenny, et al., (Criminal No. 570-70)."
 
 
 3
 The order issued after a hearing held pursuant to defendant's motion. Originally, defendant had been named as a co-defendant in the federal criminal action, United States v. John V. Kenny, et al., Criminal No. 570-70. The defendants there were charged with violating provisions of the United States Criminal Code involving racketeering. 18 U.S. C. Secs. 1951, 1952. Defendant was severed from the federal case and, after being granted immunity pursuant to 18 U.S.C. Sec. 2514, testified as a Government witness at the trial of the remaining defendants.
 
 
 4
 Prior to return of the federal indictment against defendant and the others, a New Jersey Grand Jury had issued a state indictment against defendant alone, charging him with unlawfully accepting money for the performance of his public duties as a Hudson County Freeholder. He also was charged with official misconduct in connection with the modification of a certain county deed. The State voluntarily delayed trial on this indictment until completion of the federal proceedings.
 
 
 5
 As a witness for the Government at the federal trial defendant was questioned several times, both on direct and cross-examination, concerning matters covered by the State indictment, a copy of which was before the district court judge. Defendant responded to each inquiry only after being assured by the court that the immunity conferred under Sec. 2514 applied. On the basis of these assurances defendant's counsel petitioned the court for an order specifically enjoining the prosecution of defendant under the pending state indictment. The court directed the State to show cause why an injunction should not issue and a hearing was held. Thereafter, the order requested was entered and this appeal by the State followed.
 
 
 6
 The State takes the position that defendant's immunity from state prosecution rests solely on his responses to a limited series of cross-examination questions posed by one of the co-defendants' counsel. It acknowledges that defendant's answers to these questions directly concerned the state prosecution. But it contends that defendant "could not receive [immunity from state prosecution] by volunteering on cross-examination (or direct examination) testimony, unsought and unneeded by the Government, about a transaction totally unrelated to any[thing] involved in the Federal case, although he was called to the stand under a grant of Federal immunity in order to offer information pertinent to the Federal prosecution." Thus, the issue before us apparently is viewed by the State to be whether defendant's responses constituted "compelled" testimony within the meaning of Sec. 2514.
 
 
 7
 We do not feel, however, that we are in a position to reach the issue of whether defendant's responses were compelled. We say this because, even assuming that defendant's testimony was covered by transactional immunity, we must first determine whether the district court had the right to enjoin the state prosecution.
 
 Section 2283 of Title 28 provides:
 
 8
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
 
 
 9
 The district court determined that it had such right, reasoning that:
 
 
 10
 "by implication the immunization statute [18 U.S.C. Sec. 2514] expressly authorized conferring of immunity upon a witness; and by implication it authorizes effective action on the part of district courts to give effect to the congressional enactment; and further that, having entered judgment of immunization, a stay is necessary, not only in aid of the exercise of the jurisdiction of this Court, but also to protect or effectuate its judgment."
 
 
 11
 The court's asserted bases for reaching the merits of the matter will be discussed seriatim.
 
 Section 2514
 
 12
 The district court felt that Sec. 2514, by expressly authorizing the granting of immunity on a Government witness under limited circumstances, implicitly authorized injunctive relief otherwise proscribed by Sec. 2283. Assuming this to be true, it does not necessarily follow that the district court was entitled to enjoin the state criminal prosecution of defendant. Even if Sec. 2514 can be read as an express statutory exception to Sec. 2283, injunctive relief still became appropriate only if "the threat to [defendant's] federally protected rights [was] one that [could] not be eliminated by his defense against a single [state] prosecution." See Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L. Ed.2d 669 (1971).
 
 
 13
 The record fails to demonstrate that the pending state prosecution posed any threat to defendant's rights that could not be eliminated by assertion of an appropriate defense in the state courts. Nor is it apparent that a federal court could not afford defendant protection if it occurred that his rights were not being secured by the state court proceedings. See Douglas v. City of Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); cf. Younger v. Harris, 401 U.S. at 46, 91 S.Ct. at 749.[1]Equitable exceptions
 
 
 14
 The district court also concluded that the order enjoining state prosecution of defendant was "in aid of the [court's] jurisdiction . . . [and necessary] to protect or effectuate its [order granting defendant immunity]." This reasoning incorporates the two equitable exceptions included under Sec. 2283, each of which is to be accorded a narrow application. See Atlantic Coastline R.R. v. Brotherhood of Locom. Eng'rs, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L. Ed.2d 234 (1970). As the Court made clear by its opinion in Atlantic, Sec. 2283 "is not a statute conveying a broad general policy for appropriate ad hoc application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions." Id. See also Muscarelle v. Central Iron Mfg. Co., 328 F.2d 791, 793 (3d Cir. 1964). And, since the prohibition itself rests, at least in part, on the fundamental independence of federal and state courts, "the exceptions should not be enlarged by loose statutory construction. Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts, and ultimately [the Supreme] Court." Atlantic Coastline R.R. v. Brotherhood of Locom. Eng'rs, 398 U.S. at 287, 90 S.Ct. at 1743.
 
 
 15
 Injunctive relief was not necessary in aid of the district court's jurisdiction to prosecute the federal indictment. And, since the State stayed the proceedings on its indictment against defendant, the court's order also was not required to protect or effectuate its grant of immunity. As is true of defendant's Fifth Amendment rights, should the State in fact undertake to prosecute defendant, the district court's "judgment" of immunity will be adequately protected, either in the state courts or, if necessary, in the Supreme Court. Cf. Atlantic Coastline R.R. v. Brotherhood of Locom. Eng'rs, 398 U.S. at 295-296, 90 S.Ct. 1739; Heike v. United States, 217 U.S. 423, 431-33, 30 S.Ct. 539, 54 L.Ed. 821 (1910).
 
 
 16
 The Court in Atlantic decided that "the state and federal courts had concurrent jurisdiction . . . and neither Court was free to prevent . . . [simultaneous] . . . claims in both courts." 398 U.S. at 295, 90 S.Ct. at 1747. Despite the different context presented by this case we reach the same conclusion. Both equitable exceptions to Sec. 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case. No such situation existed here.
 
 Conclusion
 
 17
 The facts of this case did not warrant the district court in enjoining the pending state prosecution against defendant. Cf. Younger v. Harris, 401 U.S. at 54, 91 S.Ct. 746; Atlantic Coastline R.R. v. Brotherhood of Locom. Eng'rs, supra, 398 U.S. at 295, 90 S.Ct. 1739. Rather, the court was required to leave defendant to assert his immunity granted pursuant to Sec. 2514 as a defense to the state criminal prosecution. See Heike v. United States, 217 U.S., at 431-433, 30 S.Ct. at 542-543.
 
 
 18
 The order of the district court will be reversed.
 
 
 
 [1]
 This same reasoning disposes of defendant's contention, not adopted by the district court, that the Civil Rights Act expressly authorized the court to enjoin the state proceedings. See 42 U.S.C. Sec. 1983. Compare Douglas v. City of Jeannette, 319 U.S. at 164, 63 S.Ct. at 881, with DeVita v. Sills, 422 F.2d 1172, 1175-76 (3d Cir. 1970); Cooper v. Hutchinson, 184 F.2d 119, 124 (3d Cir. 1950)